UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH LESTER,

       Petitioner,                      Case No. 2:20-CV-11474
                                               Hon. Linda V. Parker

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

       Respondent.
_____/

## OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS/CIVIL RIGHTS COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Kenneth Lester, presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, and proceeding *pro se*, filed this action seeking release on bond due to the COVID-19 pandemic. Petitioner's pleading is titled "Emergency Application for Temporary Injunctive Relief Ordering Petitioner's Release on Tether Bond." (ECF No. 1.) Petitioner claims Fifth and Eighth Amendment protections in support of his request but does not specify whether his plea is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 or § 2254, or a civil rights action brought under 42 U.S.C. § 1983.

Petitioner seeks early release from his prison term based on the Michigan Department of Correction's inability to house inmates appropriately to permit social distancing and prevent contagion. He cites his underlying health conditions which increase his risk of severe illness and death. In the interests of justice, the Court concludes that the proper venue for this action is in the Western District of Michigan and orders that the petition be immediately transferred to that district.

## I. DISCUSSION

"Writs of habeas corpus may be granted by . . . the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (quoting 28 U.S.C. § 2242); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). When a habeas petitioner challenges his or her present physical confinement, the only proper respondent is the warden of the facility where the petitioner is being held. *See Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018) (citing to *Rumsfeld,* 542 U.S. at 435).

Petitioner is currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, which is located in the Western District of Michigan. To the extent that Petitioner seeks relief under the civil rights statute, venue is not proper in

this district. Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000) (Gadola, J.); 28 U.S.C. § 1404(a). And when venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte. See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002); *Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

Assuming that Petitioner's pleading is also or alternatively intended as a civil rights action, Petitioner has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in this district. *See Miles v. WTMX Radio,* 15 F. App'x. 213, 215 (6th Cir. 2001). The Court concludes that venue in this lawsuit lies in the United States District Court for the Western District of Michigan, where Petitioner alleges that the civil rights violations occurred.

Accordingly, the Court orders that the case be transferred to the Western District of Michigan. "Given the significant liberty interests at stake, the time-sensitivity of [Petitioner's] claims, and the risks to [Petitioner's] health posed by the rapid spread of COVID-19," the Court "directs the Clerk to effectuate the transfer

as soon as possible." *Barrera v. Decker*, 2020 WL 1686641, at * 1 (S.D.N.Y. Apr. 7, 2020).

## II. ORDER

For the reasons stated above, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: June 11, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 11, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager